HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY ANSPAUGH,

          Petitioner,

      v.

PAT GLEBE,

          Respondent.

CASE NO. C10-543RAJ-JPD

ORDER

      This matter comes before the court on the Report and Recommendation (Dkt. # 38, "R&R") of the Honorable James P. Donohue, United States Magistrate Judge. Petitioner Gregory Anspaugh objected to the R&R. Dkt. # 39. For the reasons stated below, the court ADOPTS the R&R, DENIES Petitioner's objection, and directs the clerk to enter judgment for Respondent and DISMISS this petition for a writ of habeas corpus.

      Petitioner is serving a 1982 life sentence for attempted murder, following his guilty plea in King County Superior Court. The R&R recounts the circumstances of his crime, and the court need not repeat that summary here.

      At the time of sentencing, Washington permitted indeterminate sentencing, and the Board of Prison Terms and Paroles determined when offenders would be released. *In re Whitesel*, 763 P.2d 199, 201 (Wash. 1988). The Sentence Reform Act, effective in 1984, ended indeterminate sentencing. *Id.* The Board of Prison Terms and Paroles became the Indeterminate Sentence Review Board ("ISRB"), which had continuing authority over the sentences of offenders sentenced prior to the Reform Act. *Id.* The Reform Act, however,

ORDER – 1

required the ISRB to set minimum sentences for pre-Reform Act offenders that were "reasonably consistent with [Reform Act] ranges and standards." *Id.* at 202.

In 1987, the ISRB set Petitioner's minimum sentence at 360 months. The "start date" for his sentence is December 7, 1983. Petitioner insists, nonetheless, that his release date was in December 2003. Petitioner is almost certainly incorrect in this regard. At most, he was eligible for parole in December 2003, and even that parole eligibility date is subject to change. Similarly situated petitioners typically "cannot show a vested right in any particular release date," and thus cannot prevail on challenges to decisions not to release them before the expiration of their *maximum* term. *In re Stanphill*, 949 P.2d 365, 369 (Wash. 1998); RCW § 9.95.100. Petitioner's maximum term is, and has always been, life imprisonment. As the R&R points out in detail, the ISRB has consistently denied Petitioner parole, for reasons that include his lack of rehabilitation and his conduct while incarcerated.

Petitioner raises several grounds in his habeas petition. He attacks the ISRB's continuing role in his imprisonment, contends that his sentence has been unconstitutionally lengthened, attacks the statutes that implemented the transition to the determinate sentencing regime, and attacks the merits of the ISRB's decision.

The R&R does not recommend that the court address the merits of Petitioner's claims. Instead, it recommends that the court dismiss his petition as untimely. In reaching that recommendation, the R&R points to a December 2005 ISRB decision in which the Board added 68 months to Petitioner's minimum term. Petitioner did not file a personal restraint petition with the Washington Court of Appeals until at least December 2007, about two years later.[1] Federal law requires him to file a habeas petition within one year of the "date on which the factual predicate of the claim or claims presented

---

[1] The R&R summarizes Petitioner's personal restraint petition and its pendency in Washington's courts, as well as his more recent efforts to obtain post-conviction relief from Washington's courts. Like the petition now before the court, Petitioner's claims in those proceedings were predicated on his view that his sentence expired in December 2003.

ORDER – 2

could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The limitations period automatically tolls during any period in which a properly-filed state-court post-conviction or collateral attack is pending. 28 U.S.C. § 2244(d)(2).

The R&R is likely generous in pointing to the December 2005 ISRB decision as the date on which the statute of limitations began to run. Petitioner's claims are predicated on the assertion that he was entitled to release in December 2003. There is no apparent reason that he could not have brought this habeas petition (or his personal restraint petition) as early as January 2004. There is also no indication that the December 2005 ISRB decision, which followed a November 2005 hearing, was an administrative adjudication of the claims Petitioner raises before this court.

The court agrees that this habeas petition is untimely. Petitioner could have raised his claims more than a year before he filed this petition in March 2010, even accounting for the time his personal restraint petition was pending in the state courts. The court adopts the R&R's conclusion that petitioner has not shown a basis for equitable tolling.

For the reasons stated above, the court orders as follows:

1) The court ADOPTS the R&R (Dkt. # 38) and DENIES Petitioner's objections (Dkt. # 39).

2) The court adopts the R&R's conclusion that a certificate of appealability should not issue.

3) The clerk shall enter judgment for Respondent, dismiss this petition with prejudice, and give notice of this order to Judge Donohue.

DATED this 6th day of March, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3